**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| SPECIAL COUNSEL<br>EX REL. KENNETH DELANO,<br>        Petitioner, | DOCKET NUMBER<br>CB-1208-15-0001-U-1 |
| v. | DATE: October 9, 2014 |
| DEPARTMENT OF THE ARMY,<br>        Agency. | |

# THIS STAY ORDER IS NONPRECEDENTIAL[1]

Martha Sheth, Esquire, Washington, D.C., for the petitioner.

Michael T. Pritchard, Esquire, Fairfax, Virginia, for the relator.

Seamus Kevin Barry, Esquire, Fort Belvoir, Virginia, for the agency.

**BEFORE**

Mark A. Robbins, Member

**ORDER ON STAY REQUEST**

Pursuant to 5 U.S.C. § 1214(b)(1)(A)(i), the Office of Special Counsel (OSC) has requested a 45-day stay of the agency's proposed removal of Kenneth Delano to allow it to investigate Mr. Delano's prohibited personnel practice

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

complaint. For the reasons set forth below, OSC's request for a stay is GRANTED.

## BACKGROUND

¶2 In its October 6, 2014 stay request, OSC alleges that Mr. Delano served as a Police Officer with the Directorate of Emergency Services at Fort A.P. Hill, Virginia.[2] OSC further alleges that, in August 2013, Mr. Delano disclosed to the Department of Defense's Inspector General (IG) that two agency officers received Law Enforcement Availability Pay (LEAP) to which they were not entitled by law. OSC contends that Mr. Delano informed agency management that he had made the IG complaint.

¶3 OSC alleges that, on March 3, 2014, Mr. Delano discovered while he was driving that his patrol vehicle was damaged. According to OSC, the damage was most likely caused by poor road conditions due to inclement weather. OSC states that the agency assigned an officer to investigate the damage to Mr. Delano's patrol vehicle, but that the officer never completed the investigation. Rather, on April 15, 2014, the police chief assigned one of the officers whom Mr. Delano had reported to the IG to complete the investigation.

¶4 OSC contends that, in July 2014, the agency proposed Mr. Delano's removal based on charges of lack of candor and discourtesy to a fellow officer. OSC states that, in support of the lack of candor charge, the agency specified that Mr. Delano had lacked candor in his sworn statements to the agency officer during the investigation of the March 3, 2014 incident involving Mr. Delano's patrol vehicle. OSC alleges that the deciding official sustained both of the charges, and that the agency removed Mr. Delano from federal service on September 5, 2014.

---

[2] The facts set forth in this Order are those alleged by OSC's counsel in its stay request. The facts are supported by a declaration prepared by OSC's counsel, who avers that he has personal knowledge of the contents of Mr. Delano's OSC complaint file and that the facts alleged in the stay request are true and correct.

¶5     OSC contends that a stay of Mr. Delano's proposed removal is appropriate while it completes its investigation because there are reasonable grounds on which to believe that Mr. Delano's proposed removal is a result of his protected activity and is therefore prohibited under 5 U.S.C. § 2302(b)(8).[3]

## ANALYSIS

¶6     OSC "may request any member of the Merit Systems Protection Board to order a stay of any personnel action for 45 days if the [OSC] determines that there are reasonable grounds to believe that the personnel action was taken, or is to be taken, as a result of a prohibited personnel practice." 5 U.S.C. § 1214(b)(1)(A)(i).  Such a request "shall" be granted "unless . . . such a stay would not be appropriate." 5 U.S.C. § 1214(b)(1)(A)(ii).  The statute thus sets up a presumption that OSC's request for an initial stay will be granted, and it makes OSC the lead actor in securing provisional relief when, in OSC's judgment, an agency may have committed a prohibited personnel practice.  OSC's stay request need merely fall within the "range of rationality" to be granted, and the facts should be viewed in the light which is most favorable to a finding of reasonable grounds to believe that a prohibited personnel practice was (or will be) committed.  *Special Counsel ex rel. Aran v. Department of Homeland Security*, 115 M.S.P.R. 6, ¶ 9 (2010); *Special Counsel ex rel. Perfetto v. Department of the Navy*, 83 M.S.P.R. 169, ¶ 11 (1999).  Deference is given to OSC's initial determination, and a stay will be denied only when the asserted facts and circumstances appear to make the stay request inherently unreasonable.  *Special Counsel v. Department of Veterans Affairs*, 50 M.S.P.R. 229, 231 (1991).

¶7     Here, OSC asserts that the agency proposed a personnel action against Mr. Delano because of his whistleblowing under 5 U.S.C. § 2302(b)(8).  Under

[3] OSC states that Mr. Delano has limited his OSC complaint to a challenge of the agency's proposed removal and that he has not challenged or elected any remedy in regard to his actual removal.

section 2302(b)(8), an agency may not take or threaten to take certain personnel actions against an employee because of a protected whistleblowing disclosure. Generally, a prima facie violation of 5 U.S.C. § 2302(b)(8) exists when: (1) the employee made a disclosure that he reasonably believes is protected; (2) the official(s) who recommended, took, or threatened the personnel action had knowledge of the protected disclosure; (3) a personnel action was taken or not taken or threatened to be taken or not taken; and (4) the protected disclosure was a contributing factor in the challenged personnel action. *See Office of Special Counsel ex rel. Hopkins v. Department of Transportation*, 90 M.S.P.R. 154, ¶ 4 (2001). OSC contends that prima facie evidence supports each of these four elements.

¶8      First, OSC claims that Mr. Delano engaged in an activity covered by section 2302(b)(8) when he disclosed to the IG that two agency officers were improperly receiving LEAP compensation. Second, OSC contends that Fort A.P. Hill management knew of Mr. Delano's protected activity when it proposed his removal because Mr. Delano had informed management that he was responsible for the IG complaint. Third, OSC states that the agency's proposed removal of Mr. Delano is a threat of a personnel action.[4] Fourth, and finally, OSC contends that the contributing factor element is satisfied based on knowledge and timing alone because agency management knew of Mr. Delano's disclosure to the IG and proposed Mr. Delano's removal within the following year. As further evidence of contributing factor, OSC states that attendant circumstances surrounding Mr. Delano's proposed removal suggest a motive to retaliate against him. In

---

[4] Although the agency imposed Mr. Delano's removal prior to OSC's stay request of the proposed removal, the language of the statute permits the stay of a personnel action if the Special Counsel has reasonable grounds to believe that the action "was taken, or is to be taken, as a result of a prohibited personnel practice." 5 U.S.C. § 1214(b)(1)(A)(i). Thus, the Board has the authority to stay the removal of an employee after the effective date of the action. *See Special Counsel v. Department of Transportation*, 59 M.S.P.R. 552, 555 (1993).

particular, OSC alleges that Mr. Delano's disclosure to the IG led to the loss of $25,000 in annual pay to the two officers implicated and to the revelation that management had improperly awarded them LEAP compensation. OSC contends that it is therefore reasonable to infer that Mr. Delano's disclosure caused resentment and embarrassment to the affected officers and to Fort A.P. Hill management. OSC further alleges that the agency's decision to switch investigators during the investigation of the incident involving Mr. Delano's patrol car to someone who likely harbored a personal bias against Mr. Delano suggested retaliatory motive.

¶9        Given the deference that should be afforded to OSC and the assertions made in its stay request, I find that there are reasonable grounds to believe that the agency proposed Mr. Delano's removal based on his protected disclosure in violation of 5 U.S.C. § 2302(b)(8).

**ORDER**

¶10        Based on the foregoing, I conclude that granting OSC's stay request is appropriate. Accordingly, a 45-day stay of Mr. Delano's proposed removal is GRANTED. The stay shall be in effect from October 9, 2014, through and including November 22, 2014. It is further ORDERED that:

(1) Mr. Delano shall be reinstated to his former position at the same location with the same duties and responsibilities that he formerly had and at the same salary and grade level effective October 9, 2014;

(2) The Department of the Army shall not affect any change in Mr. Delano's duties and responsibilities which is inconsistent with his salary or grade level, or impose upon him any requirement which is not required of other employees of comparable position, salary, or grade level;

(3) Within 10 working days of this Order, the Department of the Army shall submit evidence to the Clerk of the Board showing that it has complied with this Order;

(4) Any request for an extension of this stay pursuant to 5 U.S.C. § 1214(b)(1)(B) must be received by the Clerk of the Board and the agency, together with any evidentiary support, on or before November 7, 2014.  Any comments on such a request that the agency wants the Board to consider pursuant to 5 U.S.C. § 1214(b)(1)(C) must be received by the Clerk of the Board, together with any evidentiary support, on or before November 14, 2014.


FOR THE BOARD:                              _____
                                           William D. Spencer
                                           Clerk of the Board

Washington, D.C.